# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **DAVID VAN ELZEN,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**HEALTHCARE SOLUTIONS TEAM, LLC,** a Illinois company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff David Van Elzen ("Van Elzen" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Healthcare Solutions Team, LLC ("HST" or "Defendant") to stop HST from violating the Telephone Consumer Protection Act by directing its salespeople to send unsolicited and autodialed text messages to consumers, including to consumers registered on the National Do Not Call registry, and to otherwise obtain injunctive and monetary relief for all persons injured by HST's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. HST is a health, dental, life and medicare supplements insurance brokerage company that does business throughout the U.S. It represents many nationwide insurance carriers such as United Healthcare, Aetna, BlueCross BlueShield and Humana.[1]

---
[1] http://www.myhst.com/

2. In order to solicit new business, HST directs its salespeople to cold call and send unsolicited and autodialed text messages to consumers who have not given prior express written consent to receive such calls or texts, including consumers who have specifically registered with the National Do Not Call Registry ("DNC") to avoid such unwanted calls and text messages.

3. In Plaintiff's case, HST sent multiple unsolicited autodialed text messages to his cellular phone, despite Plaintiff having his phone number registered with the DNC to avoid such text messages.

4. In response to these text messages, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Defendant to cease directing its salespeople to send unsolicited text messages to consumers' cellular telephone numbers using an automatic telephone dialing system without consent and otherwise texting telephone numbers registered on the DNC, as well as an award of statutory damages to the members of the Classes.

## PARTIES

5. Plaintiff Van Elzen is a Menasha, Wisconsin resident.

6. Defendant HST is an Illinois company headquartered in Lombard, Illinois. Defendant conducts business throughout this District, the State of Wisconsin, and throughout the United States.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

8. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant does significant business in this District,

2

and because the wrongful conduct giving rise to this case was directed from or into this District. Plaintiff resides in this District.

## COMMON ALLEGATIONS

**HST Directs Its Salespeople to Violate the TCPA by Sending Unsolicited Texts to Consumers, Including Consumers Who Are Registered on the DNC**

9. Defendant HST provides its salespeople with leads for them to call and/or text to generate sales for their company.

10. Leads are provided to the salespeople from various lead sources, some more reputable than others.

11. Several current and former salespeople have complained about receiving poor leads from HST:

- "The leads they provide you are extremely bad. In order to get sales, you have to be very friendly and know people."[2]

- "Lots of cold calling on cold leads."[3]

- "The company provides you with the latest software/CRM. You have access to FREE leads."[4]

- "HST, there is a world of training, support and FREE leads."[5]

- "You will get free leads as well as access to paid leads as well."[6]

---

[2] https://www.indeed.com/cmp/Healthcare-Solutions-Team/reviews
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*

3

- "Their leads are not direct. There are a bunch of people that someone pull up from statistics book. You can get really cursed out for at least one month before finding a client."[7]

- "As others have mentioned...leads provided are mediocre and overworked. You'll do best if you cold call and network."[8]

12. Essentially, HST is directing its salespeople to telemarket for HST to the leads it supplies them.

13. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

14. Yet in violation of this rule, Defendant fails to obtain any express written consent prior to sending autodialed solicitation text messages to cellular telephone numbers such as Plaintiff's.

15. In HST's own press release, HST credits their success to their LeadMaster system which they claim is "the most advanced lead and client management system the industry has ever seen."[9] One of the main reasons they are able to sign up so many new customers is that HST's Leadmaster has a "fully integrated auto dialing, **_bulk texting_** and email functions."[10] (emphasis

---

[7] https://www.glassdoor.com/Reviews/Healthcare-Solutions-Team-Insurance-Broker-Reviews-EI_IE425802.0,25_KO26,42.htm
[8] https://www.indeed.com/cmp/Healthcare-Solutions-Team/reviews
[9] https://www.prweb.com/releases/2013/2/prweb10442712.htm
[10] *Id.*

4

added) HST remarked that "We have added to an already dynamic technology, which allows Healthcare Solutions Team agents to out produce any other agents in the industry."[11]

16. In fact, within HST's CRM provided to every HST agent there is a mass texting messaging option.



**PLAINTIFF'S ALLEGATIONS**

**Plaintiff Received Unsolicited, Autodialed Text Messages to His Cell Phone Number Despite Having Registered His Phone Number on the DNC**

17. On June 10, 2011, Plaintiff's cellular telephone number was registered on the DNC in order to avoid receiving unsolicited calls and text messages.

---

[11] *Id.*

18. On August 7, 2018 at 10:55 am, Plaintiff received an unsolicited autodialed text message from Defendant using phone number (630) 427-4736. The text message states, "Hi David. My name is Heidi. Are you looking for health,dental or life insurance? Could I send you a quote either via text or email?"

19. Shortly thereafter, also on August 7, 2018, Plaintiff received a second unsolicited, autodialed text message from Defendant using phone number (630) 427-4736 stating, "Hi David, I am an independent broker with Healthcare Solutions Team my site: http://hjames.myhst.com/"

20. Plaintiff received a third autodialed text message on August 7, 2018 from Defendant using phone number (630) 427-4736 stating, "I have access to multiple carriers if you decide you would like a quote, thank you! Heidi"

21. As per the text messages, the salesperson works for Healthcare Solutions Team. Following the website link provided in the text message (http://hjames.myhst.com/) leads to:



22. All of the text messages Plaintiff received were from (630) 427-4736. Upon information and research, calling (630) 427-4736 leads to an automated system that thanks the caller for calling Healthcare Solutions Team. The message then goes on to identify the address as being HST's headquarters – 1900 South Highland Avenue #203, Lombard, IL 60148.[12]

---

[12] http://www.myhst.com/

6

23. Plaintiff replied to Defendant on August 7, 2018 after receiving the third text confirming, "what is the name of your agency n do you have a website?"

24. The agent replied back at 12:47 pm on August 7, 2018 with a text message stating, "http://hjames.myhst.com/" and then, "I am a broker with Healthcare Solutions Team[.]"

25. Plaintiff does not have a relationship with HST or any of its affiliated companies, nor has he ever requested that HST call him or consented to any contact from Defendant.

26. Simply put, HST did not obtain Plaintiff's prior express written consent to send a solicitation text message to him on his cellular telephone using an autodialer or otherwise.

27. The unauthorized text messages sent by HST, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Van Elzen's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

28. Seeking redress for these injuries, Van Elzen, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones and unsolicited text messages to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims**

29. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following two Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) texted, (2) on the person's cellular telephone number, (3) using substantially the same equipment used to text Plaintiff, (4) for substantially the same reason Plaintiff was texted, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained

7

prior express written consent to text Plaintiff, or (b) Defendant did not obtain prior express written consent.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) texted more than one time on his/her residential telephone, (2) within any 12-month period, (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Plaintiff was texted, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained prior express written consent to text Plaintiff, or (b) Defendant did not obtain prior express written consent.

30. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

31. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable. This is apparent from the fact that HST provides leads and autodialers to its salespeople.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

> (a) whether Defendant utilized an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class;

8

(b) whether Defendant systematically sent multiple text messages to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry;

(c) whether Defendant sent autodialed text messages to Plaintiff and members of the Classes without first obtaining prior express written consent to send the texts;

(d) whether Defendant's conduct constitutes a violation of the TCPA; and

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

33. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

34. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action

provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

35. Plaintiff repeats and realleges paragraphs 1 through 34 of this Complaint and incorporates them by reference herein.

36. Defendant and/or its agents sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

37. These solicitation text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation text messages.

38. Defendant's conduct was negligent, willful, or knowing

39. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

40. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

## SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Van Elzen and the Do Not Call Registry Class)**

41. Plaintiff repeats and realleges the paragraphs 1 through 34 of this Complaint and incorporates them by reference herein.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[13]

44. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

45. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, text message solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

---

[13] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

11

46. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

47. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) A declaratory judgment that Defendant's text messaging equipment constitutes an automatic telephone dialing system under the TCPA;

e) An injunction requiring Defendant to cease all unsolicited texting activity, and to otherwise protect the interests of the Classes; and

f) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**DAVID VAN ELZEN**, individually and on behalf of those similarly situated individuals

Dated: July 11, 2019

By:   /s/ *Stefan Coleman*

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*